IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:09-1295-002-CMC |
| v. | |
| James Morrow Collins, Jr., | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's motion for relief, filed in this court pursuant to 28 U.S.C. § 2255. ECF No. 323. For the reasons below, Defendant's Motion to Vacate pursuant to § 2255 is **dismissed**.

## I.   Background

In December of 2009, Defendant was indicted on one count of conspiracy to violate the Animal Welfare Act and to Engage in an Illegal Gambling Business, in violation of 18 U.S.C. § 371; two counts of participating in, and/or aiding and abetting an Unlawful Animal Fighting Venture in violation of 18 U.S.C. § 1955; and two counts of participating in, and/or aiding and abetting, an Illegal Gambling Business in violation of 18 U.S.C. § 2.

In May of 2010, a jury trial was held and Defendant was found guilty as to all counts. ECF No. 146. Defendant was sentenced on August 3, 2010, and Judgment entered on August 4, 2010, sentencing Defendant to twenty-one (21) months in prison, followed by three years of supervised release. ECF No. 202.

On August 10, 2010, Defendant filed a Notice of Appeal to the Fourth Circuit. ECF No. 210. The Fourth Circuit vacated and remanded counts two and three, the Animal Welfare Act violations, due to juror misconduct, and subsequently the Government moved to dismiss these

counts. ECF Nos. 287, 291. On June 18, 2012, this court granted the motion to dismiss counts two and three. ECF No. 292. On November 9, 2012, Defendant was re-sentenced and received twenty-one months in prison and three-years supervised release for counts one, four, and five. ECF No. 304. Defendant appealed this judgment, and the Fourth Circuit affirmed. ECF No. 317. The Mandate and Judgment from the Court of Appeals was filed on January 27, 2014. ECF No. 318.

Defendant filed his motion pursuant to § 2255 on March 23, 2016. ECF No. 323.

**II.     Timeliness**

Title 28, United States Code § 2255(f) imposes a one-year statute of limitation on motions for relief under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a defendant must file an application for relief under § 2255 within one year of his or her conviction becoming final.

Defendant's conviction was final when the Judgment regarding the re-sentencing was handed down by the Fourth Circuit on January 27, 2014. Defendant's motion for relief was not

2

filed until March 23, 2016. Therefore, Defendant's motion is untimely under the statutory provisions of § 2255.

### III.   Equitable Tolling

The Supreme Court has determined that the time limit for filing of habeas corpus petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010).[1] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Whether a circumstances warrants equitable tolling is made on a case-by-case basis.  *Holland*, 560 U.S. at 650 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

However, in this case, Defendant has provided no basis for the application of equitable tolling.  Defendant did not assert any facts to show that he diligently pursued this matter during the relevant time frame, or any extraordinary circumstance that applied to the relevant time period

---

[1] *Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254.  However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g., United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

and kept him from timely filing his § 2255 motion. Therefore, equitable tolling does not apply, and Defendant's § 2255 motion is untimely.

IV. Conclusion

Defendant's Motion to Vacate Sentence under § 2255 is untimely filed and thus cannot be granted. Therefore, Defendant's Motion to Vacate under § 2255 is **dismissed**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 28, 2016

4