IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:09-1295-002-CMC |
| v. | |
| James Morrow Collins, Jr., | Opinion and Order |
| Defendant. | |

Defendant, proceeding *pro se*, has filed a motion for reconsideration of this court's dismissal of his motion for relief pursuant to 28 U.S.C. § 2255. ECF No. 340.

Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 on March 23, 2016. ECF No. 272. This court dismissed that motion as untimely, as it was over a year past when his conviction was final[1]. ECF No. 324. However, on April 6, 2016, this court recognized the Fourth Circuit held the AEDPA statute of limitations to be an affirmative defense (*United States v. McRae*, 793 F.3d 392, 400-01 (4th Cir. 2015)), vacated its previous Order, and required the Government to respond to Defendant's § 2255 motion. On May 13, 2016, the Government responded to

---

[1] "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."
28 U.S.C. § 2255(f)(1)-(3).

Defendant's § 2255 motion, moving to dismiss and arguing that Defendant's § 2255 motion was untimely. ECF No. 333. Defendant replied on June 13, 2016, arguing the substance of his motion but providing no information regarding the timeliness of his motion, including the presence of facts regarding equitable tolling. ECF No. 336. This court granted the Government's motion to dismiss and dismissed Defendant's § 2255 motion, noting that Defendant's filing was outside the statute of limitations and he provided no basis to apply equitable tolling. ECF No. 337.

Defendant's current motion is a motion to reconsider, which is governed by Federal Rule of Civil Procedure 59(e). The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

In his motion for reconsideration, Defendant discusses the issue of timeliness, arguing that he should not be foreclosed by the statute of limitations because a key piece of information relevant to his § 2255 motion did not "come into [his] possession until March 2016. By not having those copies I did not believe my filing would be factually complete." ECF No. 340 at 2. However, while the Supreme Court has determined that the time limit for filing of habeas corpus petitions

2

"is subject to equitable tolling in appropriate cases" (*Holland v. Florida*, 560 U.S. 631 (2010)[2]), a district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether a circumstances warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at 650 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)). In this case, Defendant states that he did not have all information needed to make his motion complete. However, he offers no explanation of why he did not or could not get this information within the period of the statute of limitations. None of the information he has now provided is dated any later than 2010, and most is in the 2004-2005 time period. It is Defendant's burden to show that "some extraordinary circumstance stood in his way" in order to be entitled to the benefit of equitable tolling; therefore, he must show some reason why he could not get the necessary information prior to the running of the statute of limitations. As Defendant offers no information about why he could not have obtain the information earlier, he is not entitled to equitable tolling.

---

[2] *Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g., United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

Defendant has not shown any reason why he could not obtain the necessary information within the statute of limitations for a § 2255 motion. Therefore, equitable tolling does not apply. Accordingly, Defendant's motion for reconsideration is denied.[3]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 29, 2016

---

[3] Defendant also moved for a certificate of appealability for his § 2255 motion. The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.