IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:09-1295-002-CMC |
| v. | |
| James Morrow Collins, Jr., | Opinion and Order |
| Defendant. | |

Defendant, proceeding *pro se*, has filed a second motion for reconsideration of this court's dismissal of his motion for relief pursuant to 28 U.S.C. § 2255. ECF No. 343.

Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 on March 23, 2016. ECF No. 272. This court dismissed that motion as untimely, as it was over a year past when his conviction was final[1]. ECF No. 324. However, on April 6, 2016, this court recognized the Fourth Circuit held the AEDPA statute of limitations to be an affirmative defense (*United States v. McRae*, 793 F.3d 392, 400-01 (4th Cir. 2015)), vacated its previous Order, and required the Government to respond to Defendant's § 2255 motion. On May 13, 2016, the Government responded to

---

[1] "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."
28 U.S.C. § 2255(f)(1)-(3).

Defendant's § 2255 motion, moving to dismiss and arguing that Defendant's § 2255 motion was untimely.  ECF No. 333.  Defendant replied on June 13, 2016, arguing the substance of his motion but providing no information regarding the timeliness of his motion, including the presence of facts regarding equitable tolling.  ECF No. 336.  This court granted the Government's motion to dismiss and dismissed Defendant's § 2255 motion, noting that Defendant's filing was outside the statute of limitations and he provided no basis to apply equitable tolling.  ECF No. 337.

Defendant filed his initial motion for reconsideration on June 27, 2016.  ECF No. 340.  On August 29, 2016, this court denied that motion for reconsideration.  ECF No. 341.  For the reasons stated in that Order, this second motion for reconsideration is denied as well.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 13, 2016

2