IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:09-1295-CMC |
|---|---|
| v. | |
| James Morrow Collins, | **Opinion and Order** |
| Defendant. | |

This matter is before the court on Defendant's *pro se* Petition for Writ of Coram Nobis "to remedy the collateral consequences of his criminal conviction." ECF No. 346. In his motion, Defendant argues his prosecution was "based on political revenge, corruption, extortion, civil rights violations, bigotry and intolerance of powerful government officials . . ." *Id.*

"As a remedy of last resort, the writ of error coram nobis is granted only where an error is of the most fundamental character and there exists no other available remedy." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). The writ is narrowly limited to "extraordinary cases presenting circumstances compelling its use to achieve justice." *United States v. Denedo*, 556 U.S. 904, 911 (2009); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate."). A petitioner seeking this relief must show the following: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Akinsade*, 686 F.3d at 252.

Defendant argues he filed this Petition for Writ of Coram Nobis "to be the remedy to correct the original judgment because of the extreme flagrant misconduct of the complete investigation and prosecution in this case." ECF No. 346 at 3. He alleges his "political enemies paid law enforcement to investigate and prosecute me because of an ideological differences [*sic*] and it shows these same powerful individuals and others involved in a criminal conspiracy to achieve their goals." *Id.* He requests the court vacate his convictions "and not dismiss [this petition] with prejudice because the subject of gamecocks is so miniscule in the scheme of life," and "to issue an opinion as to why a person can't participate in this activity on their private property while not having an affect [*sic*] on society as a whole." *Id.* at 39.

Defendant fails to meet the requirements for this extraordinary writ. Although more typical remedies are not available to Defendant because he is no longer in custody and has completed his term of supervised release[1], he should have brought his claim earlier. He filed a § 2255 motion in March of 2016, raising essentially the same arguments. ECF No. 323. That motion was dismissed as untimely, as it was filed more than a year after his conviction was final and no grounds for equitable tolling were presented. ECF No. 337. "The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*,

---

[1] The current Petition was filed in January 2018, nearly six months after Defendant's term of supervised release expired in July 2017.

115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc).[2] Once again, Defendant has failed to show valid reasons for not attacking his convictions on these grounds in a timely manner.

Defendant also fails to show adverse consequences exist from his convictions "sufficient to satisfy the case or controversy requirement of Article III." Defendant argues his convictions should be vacated, yet his Petition discusses only how gamecock fighting should not be an illegal activity and that he was singled out for prosecution. However, Defendant's convictions for violation of the animal fighting statute were overturned by the Fourth Circuit, *see* ECF No. 284, and dismissed on remand (ECF No. 292). His only remaining convictions are for conspiracy to engage in an illegal gambling business, a violation of 18 U.S.C. § 371, and two counts of aiding and abetting an illegal gambling business, in violation of 18 U.S.C. §§ 1955 and 2. *See* ECF No. 304. Therefore, his vacated convictions under the animal fighting statute do not carry adverse consequences sufficient to raise an Article III case or controversy, and he has failed to argue any other grounds showing such adverse consequences (other than the mere existence of his felony convictions) exist.

For the reasons above, Defendant's Petition for Writ of Coram Nobis is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 2, 2018

---

[2] Although *Vial* considered the filing of a § 2241 motion, not a Petition for Writ of Coram Nobis, the Fourth Circuit's analysis of a § 2255 motion is instructive here due to the requirement of valid reasons for not attacking the conviction in an earlier motion.

3